UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA LOE,<br><br>              Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>              Defendant. | CASE NO. C25-1196JLR<br><br>ORDER |

Before the court is Defendant Experian Information Solutions, Inc.'s ("Experian") motion seeking an extension of time to respond to *pro se* Plaintiff Melissa Loe's complaint. (Mot. (Dkt. # 8); *see also* Compl. (Dkt. # 1-4).) To ensure the "just, speedy, and inexpensive determination" of this action, the court exercises its discretion to decide this motion before its noting date. Fed. R. Civ. P. 1. The court has reviewed Experian's motion, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Experian's motion.

ORDER - 1

1     On or about May 27, 2025, Ms. Loe commenced an action against Experian in
2 King County Superior Court seeking damages and injunctive relief in connection with
3 Experian's alleged violation of the Fair Credit Reporting Act ("FCRA").  (*See* Compl.;
4 Mot. at 1.)  Specifically, Ms. Loe alleges, *inter alia*, that Experian willfully violated the
5 FCRA by reporting unverified bankruptcy information on her consumer report.  (Compl.
6 ¶¶ 19-20.)  Experian removed the action to this district on June 25, 2025.  (*See* Not. of
7 Removal (Dkt. # 1).)
8     Under Federal Rule of Civil Procedure 81(c)(2)(C), Experian's deadline to answer
9 or otherwise respond to Ms. Loe's complaint was July 2, 2025.  Fed. R. Civ. P.
10 81(c)(2)(C).  In its motion—which was filed on July 2, 2025—Experian seeks an
11 extension of its deadline to file an answer or response to August 1, 2025.  (Mot. at 2.)
12 Experian states that it "intends to explore the possibility" of settlement prior to
13 responding to the complaint.  (*Id.* at 1.)  Experian also states that it will need additional
14 time to investigate and prepare a response to the allegations in Ms. Loe's complaint if the
15 parties are unable to reach a settlement.  (*Id.* at 1-2.)  Experian represents that it contacted
16 Ms. Loe seeking her consent to the requested extension, but that it did not receive Ms.
17 Loe's consent.  (*Id.* at 2.)
18     Under Rule 6(b)(1)(A), courts have discretion to extend deadlines upon a showing
19 of "good cause" if the extension request is made before the deadline expires.  Fed. R. Civ.
20 P. 6(b)(1)(A).  The "good cause" standard is a "non-rigorous standard that has been
21 construed broadly across procedural and statutory contexts."  *Ahanchian v. Xenon*
22 *Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).  Requests for extensions of time

under the good cause standard are "normally . . . granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Young v. Pena*, No. C18-1007JLR, 2019 WL 461161, at *1 (W.D. Wash. Feb. 6, 2019) (citation omitted).

Here, the court concludes that Experian has demonstrated good cause for the requested extension of time. Experian states that it intends to explore the possibility of settlement with Ms. Loe. (Mot. at 1.) Experian also states that, prior to filing the instant motion, Experian contacted Ms. Loe to obtain personally identifying information about her to aid in Experian's investigation of the complaint allegations. (*Id.* at 2.) The court understands that Ms. Loe provided that information and that Experian will be able to conduct its investigation. (*See id.*) Having reviewed the motion and the case record, the court finds no bad faith by Experian in seeking the requested extension. Additionally, because this case is in its early stages, extending Experian's deadline to answer or respond will not prejudice Ms. Loe.

//
//
//
//
//

1     Accordingly, the court concludes that the requested extension is appropriate and

2 therefore GRANTS Experian's motion (Dkt. # 8).[1]  Experian must answer or respond to

3 Ms. Loe's complaint by **August 1, 2025**.

4     Dated this 3rd day of July, 2025.

                        JAMES L. ROBART
                        United States District Judge

---

[1] The court notes that under the local rules of this district, motions for relief from a deadline should "whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). Experian filed this motion on July 2, 2025—the day its answer or response was due. (*See* Mot.)  In the future, Experian "should not assume that [its] motion will be granted" and must file motions for relief from a deadline as soon as possible in advance of the deadline.

ORDER - 4