1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| | |
|---|---|
| MELISSA LOE, | CASE NO. C25-1196JLR |
| Plaintiff, | ORDER |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS,  INC., | |
| Defendant. | |

15

16

17

18

19

20

Before the court is *pro se* Plaintiff Melissa Loe's motion to remand this case to the King County Superior Court.  (Mot. (Dkt. # 10).)  Defendant Experian Information Solutions, Inc. ("Experian") opposes the motion.  (Resp. (Dkt. # 11).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court DENIES Ms. Loe's motion to remand.

21

22

---

[1] The parties do not request oral argument, and the court concludes that oral argument is not necessary to decide Ms. Loe's motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

1      On May 27, 2025, Ms. Loe filed a three-count complaint against Experian in the

2  King County Superior Court, seeking damages and injunctive relief in connection with

3  Experian's alleged violations of the Fair Credit Reporting Act ("FCRA").  (*See* Compl.

4  (Dkt. # 1-4); 15 U.S.C. § 1681, *et seq.*)  In relevant part, Ms. Loe alleges that Experian

5  willfully violated the FCRA by reporting unverified bankruptcy information on her

6  consumer report.  (Compl. ¶¶ 19-20, 26-28.)  On June 25, 2025, Experian removed Ms.

7  Loe's action to this district, asserting that this action arises under federal law pursuant to

8  28 U.S.C. § 1331, and that removal is proper pursuant to 28 U.S.C. § 1441.  (*See* Not.

9  (Dkt. # 1).)  On July 10, 2025, Ms. Loe moved to remand the case back to state court.

10  (Mot.)  Her motion is fully briefed and ripe for consideration.

11      District courts have original jurisdiction over all civil actions arising under the

12  Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331; *Grabel & Sons*

13  *Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  And, unless

14  Congress provides otherwise, "any civil action brought in a State court of which the

15  district courts . . . have original jurisdiction, may be removed by the defendant[.]"  28

16  U.S.C. § 1441.[2]  The party seeking [a] federal forum bears the burden of establishing that

17  the statutory requirements for federal jurisdiction have been met."  *Rodriguez v. AT&T*

18  *Mobility Servs. Ltd.*, 728 F.3d 975, 978 (9th Cir. 2013).  If, at any time before final

19

20      [2] When the court has original jurisdiction over a claim, it has supplemental jurisdiction
"over all other claims that are so related to claims" within the court's original jurisdiction "that []
form part of the same case or controversy."  28 U.S.C. § 1367(a).  Put another way, a federal
21  court "has supplemental jurisdiction over state-law claims sharing a 'common nucleus of
operative fact' with the federal-law ones."  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S.
22  22, 31 (2025) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

1   judgment, it appears that a district court lacks subject matter jurisdiction over an action,

2   the district court must remand the action. *See* 28 U.S.C. § 1477(c); *Smith v. Mylan Inc.*,

3   761 F.3d 1042, 1044 (9th Cir. 2014). Otherwise, the district court may not remand an

4   action absent a timely motion to remand that raises a "defect[] other than lack of subject

5   matter jurisdiction[.]" *See Smith*, 761 F.3d at 1044.

6          Here, the court has subject matter jurisdiction over Ms. Loe's FCRA claims

7   against Experian. *See* 15 U.S.C. § 1681p. Ms. Loe acknowledges the court's jurisdiction

8   (*see* Mot at 1-2 (citing 15 U.S.C. § 1681p)), and she does not assert that Experian's

9   removal of this action suffers from any procedural defect. (*See generally id.* at 1-3.)

10  Instead, Ms. Loe argues only that the court should remand the case because the

11  Washington court system is "adept in hearing FCRA matters." (Mot. at 2.) Because the

12  court has subject matter jurisdiction, and because Ms. Loe has not identified any

13  procedural defect that would warrant remanding this case, the court must deny Ms. Loe's

14  motion.

15         For the foregoing reasons, the court DENIES Ms. Loe's motion to remand this

16  case to the King County Superior Court (Dkt. # 10).

17         Dated this 8th day of August, 2025.

18  _____

    JAMES L. ROBART
19  United States District Judge

20

21

22

ORDER - 3