UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA LOE,<br><br>               Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>               Defendant. | CASE NO. C25-1196JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Defendant Experian Information Solutions, Inc.'s ("Experian") motion to dismiss *pro se* Plaintiff Melissa Loe's complaint.  (MTD (Dkt. # 12); Reply (Dkt. # 15); *see also* Compl. (Dkt. # 1-4).)  Ms. Loe opposes the motion.  (Resp. (Dkt. # 14).)  The court has reviewed the parties' submissions, the relevant portions of the

ORDER - 1

record, and the governing law. Being fully advised,[1] the court GRANTS Experian's motion and DISMISSES Ms. Loe's complaint with prejudice.

## II. BACKGROUND

This case concerns allegations by Ms. Loe that Experian violated the Fair Credit Reporting Act ("FCRA") in connection with its reporting of bankruptcy information on Ms. Loe's consumer report. (*See* Compl. (Dkt. # 1-4) ¶¶ 19-20, 26-28.) The court first discusses Ms. Loe's Chapter 7 bankruptcy proceeding, and then summarizes Ms. Loe's allegations in this action.

### A. Ms. Loe's Bankruptcy

On May 28, 2020, Ms. Loe filed a voluntary petition for Chapter 7 bankruptcy with the United States Bankruptcy Court for the Central District of California. *See In re Melissa L. Loe*, No. 2:20-bk-14870-ER (Bankr. C.D. Cal.) ("Bankruptcy Case"), Dkt. # 1 ("Bankruptcy Petition").[2] In that petition, Ms. Loe estimated that her assets were worth less than $7,000, and that her total liabilities were over $410,000. (*See* Bankruptcy Petition at 12.)

---

[1] The parties do not request oral argument, and the court concludes that oral argument is not necessary to decide Experian's motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court takes judicial notice of the public filings in Ms. Loe's bankruptcy case. *See* Fed. R. Evid. 201(b)(2) (providing for judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The court does so without converting Experian's motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In filing for Chapter 7 bankruptcy, Ms. Loe included her first and last name, her middle initial, and her residential address in California, all of which match the name and prior address provided by Ms. Loe in the documents she attaches to her complaint. (*Compare* Compl. Exs. A, C, *with* Bankruptcy Petition at 1-2.) Moreover, in her response to Experian's motion to dismiss, Ms. Loe concedes that she filed for bankruptcy. (*See* Resp. at 8 (conceding that her bankruptcy "exists").)

1      On October 19, 2020, Ms. Loe obtained an order of discharge under 11 U.S.C.

2 § 727, discharging eligible portions of her "personal liability for debts owed before [her]

3 bankruptcy case was filed."  *See* Bankruptcy Case, Dkt. # 32.  On October 27, 2020, the

4 bankruptcy court closed Ms. Loe's case.  *Id.*, Dkt. # 34.

5   **B.**    **Ms. Loe's Allegations**

6      On October 19, 2021, after Ms. Loe noticed that her consumer credit report

7 contained information concerning her bankruptcy, Ms. Loe requested that Experian

8 inform her how it verified that information.  (Compl. ¶ 13, Ex. A.)  Ms. Loe explained

9 that she was not disputing the information, and that she was only "wondering what

10 method [Experian] used to retrieve this information[.]"  (*Id.* Ex. A.)[3]  Experian responded

11 that the information concerning Ms. Loe's bankruptcy may have been provided by

12 LexisNexis Risk Data Management, Inc.  (*Id.* ¶ 14.)

13      On August 27, 2022, Ms. Loe wrote to Experian again to request, in pertinent part,

14 that Experian inform her "[w]ho verified" her bankruptcy information.  (*Id.* Ex. G.)  She

15 also told Experian that "[u]nless you can provide me with a valid [m]ethod of

16 [v]erification . . . the [information] must be removed from my report immediately."  (*Id.*)

17      On September 14, 2022, Experian responded that it had processed Ms. Loe's

18 "dispute"; that "[t]he company that reported the [bankruptcy] information has certified to

---

21    [3] Ms. Loe also asked Experian not to verify the information.  (*See id.* ("Please refrain from responding with a typical verified response.  I am **NOT** disputing this information."
22 (emphasis in original).)

Experian that the information is accurate"; and that Experian therefore would not remove the bankruptcy information from Ms. Loe's consumer report. (*See id.* Ex. H.)

On September 15, 2022, Ms. Loe filed a complaint against Experian with the Consumer Financial Protection Bureau ("CFPB"), alleging that Experian was "reporting unverified information on [Ms. Loe's] [c]onsumer [r]eport[.]" (*Id.* ¶ 19.) In response, Experian stated that its "vendor [had] responded and verified that the disputed information was accurate as reported[.]" (*Id.* (internal quotations omitted).)

From 2022 to 2024, Ms. Loe continued to dispute the bankruptcy information on her consumer report on the basis that it had not been properly verified. (*See id.* ¶¶ 19-23.)

On May 27, 2025, Ms. Loe filed a three-count complaint against Experian in the King County Superior Court, seeking damages and injunctive relief in connection with Experian's alleged violations of the Fair Credit Reporting Act ("FCRA"). (*See* Compl. (Dkt. # 1-4); 15 U.S.C. § 1681, *et seq.*)  In relevant part, Ms. Loe alleges that Experian willfully violated the FCRA by reporting unverified bankruptcy information on her consumer report, failing to delete that information upon her request, failing to conduct a reasonable reinvestigation concerning that information, and failing to implement reasonable procedures to assure the accuracy of her consumer report. (*See* Compl. ¶¶ 19-20, 26-28.)  Ms. Loe also alleges that Experian's actions "contributed to [her] inability to receive a loan [] and obtain a credit card[.]" (*Id.* ¶ 25.)  Ms. Loe does not allege that the information in her consumer report concerning her bankruptcy is inaccurate or incomplete. (*See generally* Compl.)

ORDER - 4

1   On June 25, 2025, Experian removed the case to this district.  (NOR (Dkt. # 1).)
2   On August 1, 2025, Experian moved to dismiss Ms. Loe's complaint for a failure to state
3   a claim.  (MTD.)  Experian's motion is fully briefed and ripe for consideration.

### III.   DISCUSSION

The court first discusses the relevant legal standards and then turns to the parties' arguments concerning Experian's motion to dismiss.

**A.    Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Although detailed factual allegations are not required, the plaintiff must include more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  Accordingly, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also* Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

In reviewing a motion to dismiss, the court considers "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to

judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The court must accept the nonmoving party's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *See Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019).  Additionally, the court must construe a *pro se* plaintiff's pleadings liberally and "afford the [plaintiff] the benefit of any doubt."  *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (citation omitted).

**B.     Experian's Motion to Dismiss**

In her complaint, Ms. Loe brings claims against Experian under two separate sections of the FCRA.  (*See* Compl. ¶¶ 26-28.)  Specifically, she asserts claims under 15 U.S.C. § 1681e and under 15 U.S.C. § 1681i.  (*See id.*)  Under both of these sections, a plaintiff must show that "there was a credit report with inaccurate information."  *See Jones-Adams v. Equifax Info. Servs. LLC*, No. C24-1836JCC, 2025 WL 458824, at *2 (W.D. Wash. Feb. 11, 2025); *see also Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) (claims under 15 U.S.C. § 1681e); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (claims under 15 U.S.C. § 1681i).  This is because "[t]he purpose of these sections is to protect against misinformation, not abstract procedural harms."  *Jones-Adams*, 2025 WL 458824, at *2 (citing *Carvalho*, 629 F.3d at 890).  Consequently, "[e]ven if a credit reporting agency fails to conduct a reasonable investigation or fulfill some other FCRA obligation, in the absence of an inaccuracy a plaintiff's claim fails as a matter of law."  *Id.*; *see also Keller v. Experian Info. Sols., Inc.*, No. 16-CV-04643-LHK, 2017 WL 130285, at *5 (N.D. Cal. Jan. 13, 2017) (collecting

cases and observing that "if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail" (cleaned up)).

Experian asserts that Ms. Loe's complaint fails to state a claim upon which relief can be granted because Ms. Loe does not include factual allegations that, if accepted as true, would allow the court to draw the reasonable inference that the bankruptcy information on her consumer report is inaccurate. (*See* MTD at 4-5.) Indeed, Experian points out that Ms. Loe does not even allege that the bankruptcy information on her consumer report is inaccurate. (*See id.*) In response, Ms. Loe repeats her assertions that Experian did not properly verify her bankruptcy information and conducted an unreasonable investigation (*see* Resp. at 3-8), but she does not dispute the accuracy of the information itself (*see generally id.*). To the contrary, Ms. Loe admits that she filed for bankruptcy. (*See id.* at 8-9 ("One of the core issues at stake here is what right does the Defendant have to house, publish and profit off of a knowingly unverified [bankruptcy] that they are not party to? Simply because the [bankruptcy] exists does not innately grant them access to side step FCRA verification.").

Accordingly, Ms. Loe has failed to plead factual content that allows the court to draw the reasonable inference that the bankruptcy information on her consumer report is inaccurate. Because Ms. Loe's FCRA claims are not plausible on their face, the court must dismiss them.

**C.     Leave to Amend**

A party may amend a pleading with the other party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Courts in the Ninth Circuit liberally construe Rule

15(a) to allow leave to amend unless amendment would be futile. *See Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991); *Puget Soundkeeper Alliance v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 896 (W.D. Wash. 2021) ("A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." (cleaned up)); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that courts must give a *pro se* plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Here, the court finds it absolutely clear that no amendment can cure the defects in Ms. Loe's complaint. Ms. Loe concedes that her bankruptcy "exists[.]" (*See* Resp. at 8.) Moreover, as the court explained above, the court has taken judicial notice of Ms. Loe's bankruptcy case and the filings in that case. (*See* Bankruptcy Case). The FCRA does not provide Ms. Loe a cause of action against Experian based upon *accurate* information in her consumer report. *See Jones-Adams*, 2025 WL 458824, at *2; *Shaw*, 891 F.3d at 755; *Carvalho*, 629 F.3d at 890. Accordingly, the court concludes that further amendment would be futile, and the court dismisses Ms. Loe's claims with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Experian's motion to dismiss (Dkt. # 12). The court DISMISSES Ms. Loe's complaint, and this action, with prejudice.

Dated this 12th day of September, 2025.

JAMES L. ROBART
United States District Judge